IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JORGE ANGELES** § | |
| **Plaintiff,** § | |
| § | |
| § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. |
| § | |
| **ANTON DIMITROV BOTOUCHAROV AND** § | |
| **IMG TRUCKING, INC.** § | |
| **Defendants.** § | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jorge Angeles, files this Complaint against Defendants Anton Dimitrov Botoucharov and IMG Trucking, Inc., and in support would respectfully show the following:

**I.      PARTIES**

1.      Plaintiff Jorge Angeles is an individual whose place of residence is in Shelby County, Texas.

2.      Defendant Anton Dimitrov Botoucharov ("Botoucharov") is an individual whose residence is in Snohomish County, Washington State and may be served with petition and citation at his place of residence located at 21320 11th PL W, Lynnwood, WA 98036, or wherever he may be found.

3.      Defendant IMG Trucking, Inc. ("IMG Trucking") is an Illinois Corporation doing business in the State of Illinois and may be served with citation and by serving its registered agent, Irene Georgieva at 2001 Cornell Ave, Suite D, Melrose Park, IL 60160 or wherever she may be found. Plaintiff hereby invokes the right to institute this suit against whatever entity was

conducting business using the assumed or common name of "IMG Trucking, Inc." with regard to the events described in this petition.

## II. MISNOMER / ALTER EGO

4. In the event any parties are misnamed or are not included herein, it is Plaintiff' contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III. JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S. Code Sec. 1332 as the Plaintiff has suffered damages within the limits of this Court in an amount of a sum greater than $75,000.00 and as the Plaintiff is a citizen of the state of Texas, the Defendant Anton Dimitrov Botoucharov is a citizen of the state of Washington and IMG Trucking, Inc. is an Illinois Corporation which results in diversity of citizenship as between the parties.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391 as one of the named Defendants, IMG Trucking, Inc. is an Illinois Corporation which is domiciled and has its registered office within this district.

## IV. FACTS

7. Defendant Anton Dimitrov Botoucharov was an employee commercial driver for Defendant IMG Trucking at the time the incident that forms the basis of this cause of action.

8. On February 14, 2019, at approximately 12:44 p.m., Defendant Anton Dimitrov Botoucharov was driving Defendant IMG Trucking's tractor-trailer west on I-70 near the 40th mile marker. Defendant Botoucharov was driving in the same lane following behind Plaintiff, Jorge Angeles, who was also operating a tractor-trailer. Mr. Angeles was safely operating his

vehicle according to the traffic conditions when Defendant Botoucharov smashed his tractor-trailer into the rear of Mr. Angeles's vehicle. Defendant Botoucharov failed to control speed of this tractor-trailer and failed to keep a proper lookout as he was admittedly distracted by watching cars on the opposite side of the road.

9. The force from the impact was so severe that the trailer Mr. Angeles was towing burst open, spilling two skids of apples across the interstate. Mr. Angeles was seriously injured and has required extensive medical treatment since this collision.

10. Upon information and belief, Defendant IMG Trucking was the owner of the 2016 Freightliner tractor driven by Defendant Botoucharov at the time of the collision.

11. Defendant Botoucharov was found at fault by the investigating officers with the Indiana State Police for the 53rd District - Putnamville, Indiana. He was cited for following too closely and for being a distracted driver.

12. Mr. Angeles suffered severe injuries and damages as a result of this collision, as more fully described herein.

## V. CLAIMS

### COUNT I. NEGLIGENCE & NEGLIGENCE PER SE
### DEFENDANT BOTOUCHAROV

13. The Plaintiff incorporates and re-pleads paragraphs 1-12 of this Complaint as though fully set forth within this paragraph 13 of Count 1 of the Complaint.

14. The collision and the resulting injuries and damages to Plaintiff were proximately caused by the negligence, carelessness, and recklessness of Defendant Botoucharov, in one or more of the following, non-exclusive particulars:

    a. In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    b.    In failing to operate his vehicle in obedience to traffic laws and regulations;

    c.    Driver inattention;

    d.    Distracted driving;

    e.    In failing to take proper evasive actions to avoid any distractions while operating the vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

    f.    In failing to maintain proper control of the vehicle, such as a person of ordinary care would have done under the same or similar circumstances;

    g.    In failing to timely and properly apply the brakes of the vehicle or otherwise attempt to avoid the collision, such as a person of ordinary care would have done under the same or similar circumstances;

    h.    In failing to safely operate the vehicle, such as a person of ordinary care would have done under the same or similar circumstances;

    i.    In failing to maneuver the vehicle in a manner so as to avoid the collision, such as a person of ordinary care would have done under the same or similar circumstances;

    j.    In operating a tractor-trailer by following too closely such as a person of ordinary care would have done under the same or similar circumstances;

    k.    In failing to not follow within three hundred feet of another motor truck, motor truck drawing another vehicle, or a tractor-trailer combination, in violation of Indiana Code 9-21-8-15; and

    l.    In the reckless operation of a tractor-trailer combination to endanger the safety or property of others, in violation of Indiana Code 9-21-8-50.

15.    Each of the foregoing acts and omissions, either singularly or in combination, constituted negligence and/or negligence per se which proximately caused the occurrence made the basis of this lawsuit, and Plaintiff's resulting injuries and damages pled herein.

16.    As a result of Defendants' negligence, Plaintiff was severely injured and brings

this lawsuit for the following damages:

   a. Past and future medical, hospital, and pharmaceutical expenses, including co-pays, medical equipment, and rehabilitation;
   b. Past and future pain and suffering;
   c. Past and future mental anguish and emotional distress;
   d. Past and future disability and physical impairment;
   e. Past and future loss of earnings and lost earning capacity; and
   f. Other economic losses, including vehicle repairs, that Plaintiff may show himself entitled.

17. Plaintiff seeks these and all other damages, including prejudgment and postjudgment interest, to which he may be entitled, all of which have a reasonable pecuniary value within the jurisdictional limits of this Court.

18. WHEREFORE, the Plaintiff, Jorge Angeles, prays that judgment be entered in his favor and against the Defendants, Anton Dimitrov Botoucharov and IMG Trucking, Inc., in an amount in excess of $75,000.00 as further established at trial and for any other relief this Court or jury deem just.

### COUNT II. NEGLIGENT HIRING, SUPERVISION, TRAINING & RETENTION DEFENDANT IMG TRUCKING

19. The Plaintiff incorporates and re-pleads paragraphs 1-12 of this Complaint as though fully set forth within this paragraph 19 of Count 1 of the Complaint.

20. Alternatively and in addition, IMG Trucking negligently hired, supervised, trained, and retained Defendant Botoucharov. As an employer, IMG Trucking owed a duty to Plaintiff and the general public to hire, supervise, train, and retain a competent and professional commercial driver. IMG Trucking owed said duty to supervise and train Defendant Botoucharov to ensure that the public would be safe while Defendant Botoucharov operated a commercial vehicle on behalf of IMG Trucking.

21. IMG Trucking's breach of duty was, singularly or in combination with others, the

producing and/or proximate cause of the incident and Plaintiff's damages pled herein.

22. As a result of Defendants' negligence, Plaintiff was severely injured and brings this lawsuit for the following damages:

    a. Past and future medical, hospital, and pharmaceutical expenses, including co-pays, medical equipment, and rehabilitation;

    b. Past and future pain and suffering;

    c. Past and future mental anguish and emotional distress;

    d. Past and future disability and physical impairment;

    e. Past and future loss of earnings and lost earning capacity; and

    f. Other economic losses, including vehicle repairs, that Plaintiff may show himself entitled.

23. Plaintiff seeks these and all other damages, including prejudgment and postjudgment interest, to which he may be entitled, all of which have a reasonable pecuniary value within the jurisdictional limits of this Court.

24. WHEREFORE, the Plaintiff, Jorge Angeles, prays that judgment be entered in his favor and against the Defendants, Anton Dimitrov Botoucharov and IMG Trucking, Inc., in an amount in excess of $75,000.00 as further established at trial and for any other relief this Court or jury deem just.

### COUNT III. VICARIOUS LIABILITY

25. The Plaintiff incorporates and re-pleads paragraphs 1-21 of this Complaint as though fully set forth within this paragraph 13 of Count 1 of the Complaint.

26. Defendant IMG Trucking was an interstate and/or intrastate motor carrier and entrusted the subject commercial vehicle and tractor-trailer to its statutory employee, Defendant Botoucharov, on the date of the incident. At all times material to this suit, Defendant Botoucharov was acting within the course and scope of his statutory employment for Defendant

IMG Trucking. Accordingly, Defendant IMG Trucking is vicariously liable, as a matter of law, for the acts and omissions of Defendant Botoucharov, as listed above, pursuant to the Federal Motor Carrier Safety Regulations because Defendant Botoucharov negligently injured Plaintiff while operating an interstate and/or intrastate carrier vehicle. The Federal Motor Carrier Safety Regulations, which were also adopted by Illinois, mandate that Defendant IMG Trucking be held liable for violations of the federal regulations by Defendant Botoucharov because the duties imposed therein are nondelegable.[1] Further, Defendant Botoucharov was a vice-principal of Defendant IMG Trucking at the time of the incident because Defendant Botoucharov was engaged in the performance of nondelegable and absolute duties, as listed above, of Defendant IMG Trucking.

27. Additionally, Plaintiff states that at the time of the occurrence made the basis of this suit, Defendant Botoucharov was acting in his capacity as an agent, servant, representative and/or employee of Defendant IMG Trucking and was acting within the course and scope of his authority as such at the time of the incident. Therefore, the doctrine of *Respondent Superior* should be applied to Defendant IMG Trucking and it should be held vicariously responsible for the acts and omissions of its agent and/or employee and/or servant.28. As a result of Defendants' negligence, Plaintiff were severely injured and bring this lawsuit for the following damages:

    a. Past and future medical, hospital, and pharmaceutical expenses, including co-pays, medical equipment, and rehabilitation;

    b. Past and future pain and suffering;

    c. Past and future mental anguish and emotional distress;

    d. Past and future disability and physical impairment;

  e. Past and future loss of earnings and lost earning capacity; and

  f. Other economic losses, including vehicle repairs, that Plaintiff may show himself entitled.

29. Plaintiff seeks these and all other damages, including prejudgment and postjudgment interest, to which he may be entitled, all of which have a reasonable pecuniary value within the jurisdictional limits of this Court.

30. WHEREFORE, the Plaintiff, Jorge Angeles, prays that judgment be entered in his favor and against the Defendants, Anton Dimitrov Botoucharov and IMG Trucking, Inc., in an amount in excess of $75,000.00 as further established at trial and for any other relief this Court or jury deem just.

## VI. JURY DEMAND

31. The Plaintiff, Jorge Angeles, demands a trial by jury of all issues triable pursuant to rule 38 of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    **TRISTAN & CERVANTES**

    By: */s/ Pedro Cervantes*
      Pedro Cervantes as Local Counsel
      Illinois IARDC No. 6281150.
      30 W. Monroe St., Suite 639
      Chicago, IL 60603
      Tel: 312-345-9200
      Fax: 312-345-1523
      pcervantes@tristancervantes.com